### CHESTERMAN v. McCATLINE.

Where there is no question of fact to be submitted to the jury, it is error
for the court to refuse to nonsuit, but such refusal is not error where there
is any fact for the jury to pass upon.

An exception to the whole charge of the judge is unavailing if there is any
part of the charge that is correct.

In an action for work, labor and services, it is erroneous to allow interest
from the time the service is rendered. Interest accrues only from the time
of demand of payment.

THIS was an action for work done under an agreement,
which it was claimed was collateral to another, and, not being
in writing, was void. A motion for a nonsuit on that ground
was denied, the court holding that the agreement was original
and leaving it to the jury to determine under which agree-
ment the work was done, and charging the jury to allow inter-
est from the time of performing the service.

On bill of exceptions there was a motion for a new trial.

*The Circuit Judge:* One of the objections to this judg-
ment is, that the agreement between these parties is collateral
to that between plaintiff and Lockwood, and therefore void,
because not in writing.

This is not well taken. The agreement was original and
the case was properly left to the jury to say whether the work
was done under that, or under the one with Lockwood. They
found, the former.

The next objection is, that the court below refused to non-
suit. A refusal to nonsuit is never a ground of exception,
where there is any evidence to submit to the jury. It is only

where there is no dispute about the facts and the question is solely one of law, that it becomes the right of the party to demand that the court nonsuit.

In this case, if the agreement had been collateral, it would have been the duty of the court to have granted the nonsuit, because the plaintiff had no right to recover. But, as it was properly held to be original, there was a question to be submitted to the jury, viz., whether the work was done under that agreement or under another, and, of course, it was proper to refuse the nonsuit.

The next objection is, the admission of evidence of what the witness Lockwood had formerly testified. This is unfounded. L. was defendant's witness, and plaintiff had not made him his, and what he had testified before was competent to impeach him.

The exception to the charge of the judge was too general. It went to the whole charge, while it is manifest that portions of it were correct. If a party wishes to avail himself of the benefit of any error in the charge, he must point his exception directly to it at the time, so as to enable the opposite party to obviate the objection, or the judge to correct any hasty or careless expression, and if he omits to do so, and contents himself with resting on a general exception, he runs the hazard of having his exception disregarded, if any part of the ruling be correct.

Thus far there is nothing in the case to warrant us in disturbing the judgment below.

But there is another point in regard to which the court below erred, and that was, in charging that on an account for work and labor interest was chargeable from the rendition of the services. For this error, the judgment must be reversed and

A *venire de nevo* awarded.